UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
DENNIS P. NEYLAND and                    CIVIL ACTION
KELLI L. NEYLAND


v.                                       NO. 06-8859


AMERICAN RELIABLE INSURANCE COMPANY,     SECTION "F"
LATTER & BLUM INSURANCE SERVICES, INC.,
and SWEET CLAIM SERVICE, INC.
```

ORDER AND REASONS

Before the Court is Sweet Claim Service's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

Background

Dennis and Kelli Neyland purchased a flood insurance policy with coverage of $250,000 through an agent of Latter & Blum Insurance Services and American Reliable Insurance Company, a Write-Your-Own (WYO) Program carrier participating in the United States governments' National Flood Insurance Program (NFIP).[1]

---

[1] The actual characterization of the policy is unclear because neither party provided the Court with sworn evidence about it. The plaintiffs state, "[i]t is the plaintiffs' understanding that the policy was an SFIP with American Reliable Insurance Company as the WYO insurance provider. However, plaintiffs are not entirely sure of this and Sweet Claims Services [sic] has not attempted to document this point." Aside from the fact that no one is in a better position to know the nature of the policy purchased by the plaintiffs other than the plaintiffs themselves, whether the policy was indeed a federally backed flood policy or whether the policy was issued as a homeowners policy by American Reliable will ultimately have no bearing on the liability of Sweet Claim Service,

1

The Neylands' home flooded during Hurricane Katrina.  They filed a claim under the flood policy.  Soon afterward, Larry Layton, an employee of Sweet Claim Service, contacted the Neylands to adjust the claim.

The Neylands submitted an initial Proof of Loss in September 2005, followed by a supplemental Proof of Loss.  The Neylands claim that they have sustained $500,000 in damages to their home, but have received payment for a mere fraction of these losses from American Reliable.  The Neylands, unhappy with the amount of the adjustment and payment of the claim, sued Sweet Claim Service, Latter & Blum Insurance Services, and American Reliable, alleging that Sweet Claim was negligent in adjusting the damage claim, that Latter & Blum was negligent in procuring the policy and in completing the Proof-of-Loss form, and that American Reliable engaged in bad-faith claims-handling.

Sweet Claim Service now moves for summary judgment, arguing that the Neylands have failed to state a cognizable claim against it.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party

---

Inc.

is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment

motion, the court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

II.

Under Louisiana law, "as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim."  <u>Edwards v. Allstate Prop. & Cas. Co.</u>, 2005 WL 221560, at *3 (E.D. La. Jan. 3, 2007).  But "an adjuster can be liable under certain circumstances where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information."  <u>Munsterman v. State Farm Fire & Cas. Co.</u>, 2007 WL 29183, at *1 (E.D. La. Jan. 3, 2007).

The Neylands' complaint makes the following claims against Sweet Claim Service:

> Plaintiffs also aver that Sweet Claim Service, Inc., was presented by American Reliable Insurance Company as an independent adjuster and as an adjuster working for plaintiffs.  Sweet Claim Service, Inc. inspected the property and its contents.  Sweet Claim Service, Inc. is liable to the plaintiffs for its negligent performance of the inspection and its reporting to American Reliable Insurance Company, which it had a duty to perform properly after having been presented by American Reliable Insurance as plaintiffs' adjuster.
> Alternatively, Sweet Claim Service, Inc., is liable to plaintiffs because plaintiffs reasonably relied upon Sweet Claim Service, Inc., to plaintiffs' detriment regarding the inspection of plaintiffs' losses.  On information and belief, Sweet Claim Service, Inc., did not accurately report the nature nor describe the

> property loss to American Reliable Insurance Company, which it had a duty to perform, resulting in or contributing to the delay, partial payment and/or denial of plaintiffs' insured claims.

While the Neylands may not agree with the amount of the adjustment, they have not alleged any facts that would support a Louisiana-law cause of action against Sweet Claim Service.  The Neylands have not alleged that Sweet Claim Service committed fraud in adjusting the claim or provided false information regarding the potential success of their claim.

Sweet Claim Service is, in fact, an independent claims-adjusting company, and was contracted by American Reliable to adjust claims after Hurricane Katrina.  The record reflects that Sweet Claim Service does not make ultimate decisions regarding whether insurance claims should be denied or paid, in full or in part.  No privity existed between the Neylands and Sweet Claim Service, which is the fundamental reason that the Neylands have no cause of action against the adjusters under state law.  See M&M Towing Co. v. United Capitol Ins. Co., 1998 WL 169694, at *1 (E.D. La. Apr. 9, 1998)(McNamara, J.).

III.

The Neylands contend that federal law should apply because the policy was an NFIP policy underwritten by FEMA.  They argue that the federal regulations governing the NFIP afford them a cause of action against the adjusters.  The Neylands allege that

the Sweet Claim Service adjuster told them that he would complete all of the necessary paperwork to prepare the Proof of Loss to the insurer.[2]  That does not absolve the Neylands of their own responsibilities.  Their reliance on such alleged statements was unfounded because "the insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely federal statutes and regulations.  Larmann v. State Farm Insurance Co., 2005 WL 357191, at *4 (E.D. La. Feb. 11, 2005)(quoting Richmond Printing, L.L.C. v. Director, FEMA, 72 Fed. Appx. 92 (5th Cir. 2003)).  The Neylands are charged with constructive knowledge of the provisions of their policy and of the NFIP program "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence."  Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385 (1947).  In that regard, the federal regulations governing the NFIP instruct the policyholder to use his or her own judgment when completing the Proof of Loss form:

> The insurance adjuster whom we hire to investigate your claim may furnish you with a Proof of Loss form, and she or he may help you complete it.  However, this is a matter of courtesy only, and you must still send us a

---

[2] The plaintiffs do not make this allegation in their complaint.  They only make this allegation in Mr. Neyland's affidavit attached to their opposition to the motion for summary judgment. This information, therefore, is not weighted heavily by the Court in evaluating this motion because mere allegations in the form of patently self-serving affidavits do not create an issue of fact precluding summary judgment.  See Lechuga v. Southern Pacific Transp. Co., 949 F.2d 790, 798 (5th Cir. 1992).

>   Proof of Loss within sixty (60) days after the loss even
>   if the adjuster does not furnish the form or help you
>   complete it.

44 C.F.R. 61 App. A(1)(VII)(J)(7).  The regulations further caution that adjusters are not authorized to approve or disapprove claims or to make any speculation on the success of the policyholder's claim.  44 C.F.R. 61 App. A(1)(VII)(J)(8).  "[C]itizens seeking to benefit from a Federal Benefits Program are charged with the responsibility of familiarizing themselves with the requirements of the program and 'may not rely on the conduct of the governments agents contrary to law.'"  <u>Heckler v. Cmty. Health Svcs. of Crawford County, Inc.</u>, 467 U.S. 51, 63 (1984).

   The Neylands have failed to state a claim against the adjuster under federal law as well as state law, and no genuine issues of fact regarding the representation of the adjuster or the Neylands' reliance on these representations exist.

   Therefore, IT IS ORDERED that Sweet Claim Service's motion for summary judgment is GRANTED and the case against it is dismissed with prejudice.

                         New Orleans, Louisiana, May 16, 2007.


                         _____
                                  Martin L.C. Feldman
                              United States District Judge